

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. R. F. Robinson
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. 0-6076
Re: Tender of payment of tax on
real estate and personal
property without payment of
poll tax.

Your letters of October 17, 1944, and November 3,
1944, respectively, present for the opinion of this depart-
ment the question therein contained, and as a basis of facts
upon which our opinion is based your letters are quoted as
follows:

"Article 7272, R. C. S. 1925 reads in part as
follows:

"'All real and personal property held or owned by
any person in this State shall be liable for all State
and County taxes due by the owner thereof, including tax
on real estate, personal property and poll tax. . . . '

"Acting under authority of the above statute the
Tax Collector of Willacy County has refused to accept
tender by the owner of real estate of all taxes against
said real estate on the ground that a poll tax has been
assessed against the wife of said owner, the owner
refusing to pay said poll tax with his other taxes.

"Kindly advise, at your earliest convenience,
whether the Tax Collector is justified in refusing the
tender under the above circumstances."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. F. Robinson, page 2

"In reply to your communication of October 26 relative to the above opinion request, you are advised that there is a dispute as to whether or not the property is separate property of the man tendering payment of the taxes thereon. However, he is very definite in his insistence that it is separate property, and I suppose we must take his version of it."

"In order to make the opinion apply to several other cases where the property is community, kindly differentiate between such ownerships in your opinion."

In response to your request, we divide our opinion into two parts, first where the property involved is community property, and second, where it is the separate property of the husband; and we answer your requests in the same order. This department has repeatedly held that where the property is the homestead of the husband and the wife, taxes due the State and County thereon may be paid without at the same time collecting the poll tax assessed against the wife. In truth, such taxes assessed and due against the homestead may be paid without the collection at the same time of the poll tax from either the husband or the wife. Article 7279, V. R. C. S., has consistently been construed to mean that a homestead is not liable to any tax save and except the taxes due against the homestead itself. State v. McGraw, 70 S. W. (2d) 467, 73 S. W. (2d) 559. If the property be community property, however, but not the homestead, then in that event we think the Tax Collector is within his legal rights to demand the payment of the poll tax assessed along with the payment of State and County ad valorem taxes upon such property. Stuard v. Thompson (Civ. App.) 251 S. W. 277.

If the property be the separate property of the husband, we are of the opinion that the owner is entitled to pay the taxes assessed against the same without at the same time paying the poll tax assessed against his wife. We think this position is sustained in State v. Hobbs, 207 S. W. 636, holding that the State does not have a lien on real property to secure the payment of either personal property or poll taxes due by the owner of the land.

Hon. R. F. Robinson, page 3

Summarizing our conclusion, we hold that the Tax Collector is within his legal rights to require the payment of the poll tax assessed against both the husband and the wife in the payment of State and County ad valorem taxes assessed against the community property, other than the homestead. But if the property be the separate property of the husband, he may pay the State and County ad valorem taxes thereon without paying the poll tax assessed against his wife.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 13, 1944

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:AMM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN